UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-MJ-8498-SMM

UNITED STATES OF AMERICA

v.

CARLOS PUPO,
LUISELY LAGE,
JUAN SILES, and
ALYEN CHIL-TRUJILLO,
_____/
              Defendant.

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___ Yes ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:   *Gregory Schiller*
      GREGORY SCHILLER
      ASSISTANT UNITED STATES ATTORNEY
      District Court No. A5501906
      500 South Australian Avenue, Suite 400
      West Palm Beach, Florida 33401
      Tel:    561-209-1045
      Fax:
      Email:  gregory.schiller@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Carlos Pupo | ) Case No. 21-MJ-8498-SMM |
| Luisley Lage, | ) |
| Juan Siles, | ) |
| and Alyen Chil-Trujillo, | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 11, 2021** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(i) | Attempted Alien Smuggling (Pupo, Lage, Siles) |
| 8 U.S.C. § 1326(a) | Attempted Improper Re-Entry by Alien (Pupo) |
| 8 U.S.C. § 1325(a) | Attempted Improper Entry by Alien (Chil-Trujillo) |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel P. Richichi, Special Agent, HSI
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 12/15/2021                        _____
                                         *Judge's signature*

City and state: West Palm Beach, Florida      Shaniek M. Maynard, United States Magistrate Judge
                                              *Printed name and title*

## AFFIDAVIT

Your affiant, Daniel Richichi, first being duly sworn, dose hereby depose and state the following:

1. I am employed as a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed since December 2008. During that time, I have received training through the HSI training program at Glynco, Georgia, and I have conducted numerous investigations pertaining to the maritime smuggling of narcotics, bulk cash, and humans into the United States. Before joining HSI, I was an Officer with the DHS, U.S. Customs and Border Protection, for approximately five and a half years.

2. As a Special Agent with HSI, I have received extensive instruction in the investigation of the maritime smuggling of humans, bulk cash, and narcotics. During my tenure with HSI, I have personally and significantly participated in over two-hundred prior smuggling-related investigations concerning violations of Title 18, United States Code, Section 1324(a), Title 31, United States Code, Section 5332, and Title 21, United States Code, Section 952 respectively. I have personally participated in approximately two-hundred arrests of individuals for smuggling violations and have participated in the debriefings and interviews of hundreds of persons to include human smugglers, bulk cash smugglers, drug smugglers, and informants, who by their own admission have been involved in those illegal activities, concerning the methods and practices of maritime smugglers. On the basis of the foregoing, I have become very familiar with the ways, manners and means by which maritime smugglers conduct their illegal activities, the smuggling routes and concealment methods used by drug and human smugglers, and the unique patterns employed by these illegal smuggling individuals and organizations. Additionally, I have been certified by U.S. Customs and Border Protection, Air & Marine Operations as a maritime

interdiction crewmember and have participated in the maritime interdictions of vessels on over one dozen prior occasions.

3. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures of computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth those facts necessary to establish probable cause to believe that on or about December 11, 2021, Carlos PUPO, a citizen and national of the Cuba, committed the crime of Attempting to Illegally Bring Aliens into the United States, in violation of Title 8, United States Code, Section 1324(a) and Illegal Re-Entry of a removed alien in violation of Title 8 United States Code, Section 1326, that Luisley LAGE and Juan SILES committed the crime of Attempting to Illegally Bring Aliens into the United States, in violation of Title 8, United States Code, Section 1324(a), and that Alyen CHIL-TRUJILLO did attempt to improperly enter as an alien, in violation of Title 8, United States Code, Section 1325(a).

## PROBABLE CAUSE

4. On December 11, 2021, at approximately 11:20 pm, the United States Coast Guard (USCG) Cutter "Ibis" located two vessels, a 32' cabin cruiser vessel and a 21' center console vessel, alongside each other, approximately 35 nautical miles east of Hobe Sound, Florida. Upon the 24' vessel observing the USCG presence it departed the scene at a high rate of speed. The USCG Cutter "Ibis" launched a small boat, which approached the approximate 30' cabin cruiser

and requested assistance from USCG Station Lake Worth Inlet (STALWI) in interdicting the 24' center console vessel.

5. The USCG Cutter "Ibis" small boat arrived on scene and identified the 32' Chris Craft vessel bearing Florida registration FL2990CY with the name "Champagne" on the transom (hereinafter TARGET VESSEL 1). USCG officers identified twenty-one (21) persons onboard the vessel (15 adults and 6 accompanied minors), who all claimed Cuban nationality. Occupants of TARGET VESSEL 1 stated to USCG officers that they had departed the Bahamas and were heading to Florida; however, they lost steering and the vessel's engines were inoperable. USCG officers identified a male subject later identified as Carlos PUPO as the operator of TARGET VESSEL 1. PUPO was observed throwing what appeared to be a handheld GPS, into the ocean. Additionally, USCG officers asked PUPO where the TARGET VESSEL 1 was normally operated out of and PUPO responded "Palm Beach." The following individuals were encountered on TARGET VESSEL 1:

    a. Carlos PUPO – an adult male citizen of Cuba

    b. Alyen CHIL-TRUJILLO – an adult male citizen of Cuba

    c. "Y.O.-M." – an adult female citizen of Cuba

    d. "J.H.-C." – an adult male citizen of Cuba

    e. "A.N.-O." – an accompanied minor female citizen of Cuba

    f. "A.N.-O." – an accompanied minor male citizen of Cuba

    g. "R. M.-L." - an adult male citizen of Cuba

    h. "A.G.-B." – an adult female citizen of Cuba

    i. "M.M.-G." – an accompanied minor male citizen of Cuba

    j. "M.M.-G." – an accompanied minor female citizen of Cuba

    k. "D.H.-A." – an adult male citizen of Cuba

    l. "C.M.-V." – an accompanied minor female citizen of Cuba

    m. "M.A.-M." – an accompanied minor female citizen of Cuba

    n. "A.G.-G." – an adult male citizen of Cuba

    o. "I.C.-L." – an adult female citizen of Cuba

    p. "L.M.-B." – an adult female citizen of Cuba

    q. "A.M.-B." – an accompanied minor female citizen of Cuba

    r. "Y.R.-M." – an adult male citizen of Cuba

    s. "M.R.-A." – an adult male citizen of Cuba

    t. "N.D.-T." – an adult male citizen of Cuba

    u. "A.R.-I." – an adult female citizen of Cuba

    v. "N.D.-R." – an accompanied minor female citizen of Cuba

6. Approximately 70 minutes later, on December 12, 2021, approximately 12:31 am, the USCG STLWI vessel interdicted the 21' Sea Chaser vessel, yellow in color, with a single 200 HP Yamaha engine, bearing Florida registration FL0891RB (hereinafter TARGET VESSEL 2) approximately 9 nm east of Juno Beach, Florida. USCG officers identified six people onboard TARGET VESSEL 2 all of whom claimed Cuban nationality. Shortly thereafter, a U.S. Customs and Border Protection (CBP) Office of Air and Marine Operations (AMO) vessel arrived on scene with TARGET VESSEL 2.

7. The six persons onboard TARGET VESSEL 2 were transferred by USCG officers from TARGET VESSEL 2 to the USCG STLWI vessel and subsequently transferred to the USCG Cutter "Ibis" and then to the USCG Cutter "Ethridge". TARGET VESSEL 2 was then towed to USCG STALWI.

8. On December 14, 2021, at approximately 5:30 pm, a Regional Concurrence Team call was convened between the DHS partners, and it was determined that PUPO, LAGE and SILES would be brought ashore for investigation by Homeland Security Investigations. PUPO, LAGE and SILES were transported to the USCG Station Lake Worth Inlet, located within the Southern District of Florida, and relinquished to the custody of the U.S. Border Patrol, Riviera Beach, Florida for administrative processing. The following individuals were encountered on TARGET VESSEL 2:

   a. "A.C.-S." – an adult female citizen of Cuba

   b. "L.R.-R." – an adult female citizen of Cuba

   c. "M.C.-P." – an adult male citizen of Cuba

   d. "N.F.-D." – an adult male citizen of Cuba.

   e. Juan SILES-DELGADO – an adult male citizen of Cuba

   f. Luis LAGE-MARTINEZ – an adult male citizen of Cuba

9. Agents conducted law enforcement database queries of PUPO, which revealed that on or about November 23, 2007, PUPO was arrested for attempting to smuggle migrants from Freeport, Bahamas to the United States by vessel. On February 8, 2008, PUPO plead guilty to a nineteen-count indictment for alien smuggling and was sentenced to sixty months incarceration.

10. On or about October 12, 2012, PUPO was ordered removed from the United States. On or about December 12, 2012, PUPO was released from Immigration and Customs Enforcement (ICE) custody, as ICE was unable to remove PUPO from the United States to Cuba. On or before May 13, 2013, PUPO self-removed himself from the United States to the Bahamas. On January 13, 2017, PUPO was convicted for Illegal Re-Entry and sentenced to time served.

11. On December 13, 2021, agents interviewed "J.H.-C.", who along with his family, was brought ashore due to a family member requiring medical attention and was interviewed at the U.S. Border Patrol Station in Riviera Beach, Florida. "J.H.-C." stated that he paid $3,400.00 each for his family to be smuggled from the Bahamas to the United States.

12. On December 14, 2021, at approximately 9:50 pm, agents re-interviewed "J.H.-C." who identified PUPO as the captain of the vessel from a photographic line-up. "J.H.-C." stated that PUPO was wearing a baseball hat with "Florida" written on it. PUPO was in fact found to be in possession of a baseball hat with "Florida" written on it. Additionally, "J.H.-C." stated that while the vessel was disabled in the water, PUPO told those on board that he was arrested for alien smuggling before, that this would be his last time smuggling, and that he was doing it due to financial problems.

13. On December 14, 2021, at approximately 8:08 pm, HSI agents interviewed LAGE at the U.S. Border Patrol Station located in Riviera Beach, Florida. LAGE is a Cuban born naturalized United States Citizen. Prior to beginning the video recorded interview, agents read LAGE his *Miranda* warnings via a pre-printed form. Agents asked LAGE if he understood his rights and he acknowledged in the affirmative. LAGE waived his rights in writing and elected to speak with the interviewing agents. LAGE stated the following (non-verbatim).

14. LAGE stated that on Saturday afternoon, December 11, 2021, he received a call from an unknown number stating that his family was on a vessel, 15 miles offshore of Florida and was in trouble. LAGE stated that he then called SILES, as he knows he has a boat, and asked him to assist in finding his family.

15. LAGE stated that he met SILES at Curry Park in West Palm Beach, Florida that evening. SILES was driving a black 2500 Chevy Silverado and towing TARGET VESSEL 2.

LAGE stated that he provided SILES with the GPS coordinates and that they operated the TARGET VESSEL 2 for approximately two to three hours before locating the TARGET VESSEL 1. LAGE stated that he believed that the boat was coming from the Bahamas, and that he knew his family member did not have permission to come to the United States.

16. On December 14, 2021, at approximately 8:37 pm, HSI agents interviewed PUPO at the U.S. Border Patrol Station located in Riviera Beach, Florida. Prior to beginning the video recorded interview, agents read PUPO his *Miranda* warnings via a pre-printed form. Agents asked PUPO if he understood his rights and he acknowledged in the affirmative. PUPO waived his rights in writing and elected to speak with the interviewing agents. PUPO stated the following (non-verbatim).

17. PUPO stated that on Saturday, December 11, 2021, he received a call from a friend of family who told PUPO that their family was out at sea and needed help. PUPO stated that family of the people out at sea had a boat (TARGET VESSEL 1) which he used and departed in from West Palm Beach to go rescue the people at sea.

18. PUPO stated that he followed four other boats which left with him from West Palm Beach and led him approximately 20 miles offshore to a vessel where he found the people. PUPO stated that he took approximately 20 people onto his vessel and attempted to notify the Coast Guard by waving a flashlight to their helicopter.

19. On December 14, 2021, at approximately 8:18 pm, HSI agents interviewed SILES at the U.S. Border Patrol Station located in Riviera Beach, Florida. Prior to beginning the video recorded interview, agents read SILES his *Miranda* warnings via a pre-printed form. Agents asked SILES if he understood his rights and he acknowledged in the affirmative. SILES waived his

rights in writing and elected to speak with the interviewing agents. SILES stated the following (non-verbatim).

20. SILES stated that on Saturday, December 11, 2021, he received a call from LAGE, who told SILES that he (LAGE) had received a call stating that a family member was stranded at sea and needed help. SILES stated that he agreed to assist LAGE in locating their family member. SILES traveled from Miami to West Palm Beach, Florida towing the TARGET VESSEL 2.

21. SILES stated that he and LAGE departed from a marina in West Palm Beach and operated the vessel to the coordinates which were provided by LAGE. Initially they could not locate TARGET VESSEL 1 and had to come closer to shore for cellular telephone service. SILES stated that he and LAGE received updated coordinates of TARGET VESSEL 1 and operated TARGET VESSEL 2 to that location and located TARGET VESSEL 1.

22. SILES stated that he and LAGE took their family member and three other people onto the TARGET VESSEL 2 and that they knew it was illegal to bring them to the United States. SILES stated he knew the four individuals, noted in paragraph 8a-d above, did not have legal authority to be in the United States.

23. On December 14, 2021, at approximately 9:19 pm, HSI agents interviewed Alyen CHIL-TRUJILLO at the U.S. Border Patrol Station located in Riviera Beach, Florida. Prior to beginning the video recorded interview, agents read CHIL-TRUJILLO his *Miranda* warnings via a pre-printed form. Agents asked CHIL-TRUJILLO if he understood his rights and he acknowledged in the affirmative. CHIL-TRUJILLO waived his rights in writing and elected to speak with the interviewing agents. CHIL-TRUJILLO stated the following (non-verbatim).

24. CHIL-TRUJILLO stated that on December 3, 2021, he flew from Cuba to Nassau, Bahamas. A day later CHIL-TRUJILLO flew from Nassau to Freeport, Grand Bahama Island,

Bahamas. CHIL-TRUJILLO stated that he paid a smuggler in Cuba $7,000.00 USD to be smuggled to the United States. CHIL-TRUJILLO stated that when he arrived on Grand Bahama Island, he stayed in a house with the other migrants which were on the vessel with him. CHIL-TRUJILLO identified PUPO from a photo line-up as the captain of TARGET VESSEL 1 that he was on.

25. CHIL-TRUJILLO has an outstanding warrant for his arrest for cocaine trafficking greater 400g and less than 150kg charges in Miami-Dade county state court (13-2010-CF-013425-0001-XX). CHIL-TRUJILLO is a citizen of Cuba and legal permanent resident of the United States; however, he is not a naturalized citizen of the United States.

## CONCLUSION

26. WHEREFORE, on the basis of the foregoing, your affiant respectfully submits that probable cause exists to believe that Carlos PUPO, knowing that the persons described above were aliens, did attempt to bring those persons to the United States at a place other than a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i) and attempted to illegally re-enter the United States after having departed the Untied States while an order of removal was outstanding in violation of Title 8 United States Code, Section 1326(a) and (b)(2).

27. WHEREFORE, on the basis of the foregoing, your affiant respectfully submits that probable cause exists to believe that that Luisley LAGE and Juan SILES committed the crime of Attempting to Illegally Bring Aliens into the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

28. WHEREFORE, on the basis of the foregoing, your affiant respectfully submits that probable cause exists to believe that that Alyen CHIL-TRUJILLO committed the crime of

attempting to improperly enter the United States as an alien, in violation of Title 8, United States Code, Section 1325(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
Special Agent Daniel Richichi
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this ___15th___ day of December 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **CARLOS PUPO**

Case No: 21-MJ-8498-SMM

Count #: 1

Attempted Alien Smuggling

Title 8, United States Code, Section 1324(a)(1)(A)(i)

*Max. Penalty: 10 Years' Imprisonment, $250,000 fine, Supervised Release of up to 5 Years, $100 Assessment, Deportation

Count #: 2

Attempted Illegal Reentry by Alien

Title 8, United States Code, Section 1326(a) and (b)(2)

*Max. Penalty: 20 Years' Imprisonment, $250,000 fine, Supervised Release up to 3 Year, $100 Assessment, Deportation

*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **LUISLEY LAGE**

Case No: 21-MJ-8498-SMM

Count #: 3

Attempted Alien Smuggling

Title 8, United States Code, Section 1324(a)(1)(A)(i)

*Max. Penalty: 10 Years' Imprisonment, $250,000 fine, Supervised Release of up to 5 Years, $100 Assessment, Deportation

*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **JUAN SILES**

Case No: 21-MJ-8498-SMM

Count #: 4

Attempted Alien Smuggling

Title 8, United States Code, Section 1324(a)(1)(A)(i)

*Max. Penalty: 10 Years' Imprisonment, $250,000 fine, Supervised Release of up to 5 Years, $100 Assessment, Deportation

*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __ALYEN CHIL-TRUJILLO__

Case No: __21-MJ-8498-SMM__

Count #: 5

Attempted Illegal Entry by Alien

Title 8, United States Code, Section 1325(a)

*Max. Penalty: 6 Months Imprisonment, $5,000 fine, Supervised Release up to 1 Year, $100 Assessment, Deportation

*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-MJ-8498-SMM

## BOND RECOMMENDATION

DEFENDANT: Carlos Pupo

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Gregory Schiller*
AUSA:  Gregory Schiller

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): HSI Daniel P. Richichi
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-MJ-8498-SMM

### BOND RECOMMENDATION

DEFENDANT: Luiselly Lage

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Gregory Schiller*
AUSA: Gregory Schiller

Last Known Address: _____

What Facility: _____

Agent(s): HSI Daniel P. Richichi
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-MJ-8498-SMM

### BOND RECOMMENDATION

DEFENDANT: Juan Siles

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Gregory Schiller*
AUSA: Gregory Schiller

Last Known Address: _____

What Facility: _____

Agent(s): HSI Daniel P. Richichi
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-MJ-8498-SMM

### BOND RECOMMENDATION

DEFENDANT: Alyen Chil-Trujillo

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Gregory Schiller*
AUSA: Gregory Schiller

Last Known Address: _____

What Facility: _____

Agent(s): HSI Daniel P. Richichi
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)